CORNELIUS COULTER, appell't. *vs.* NANCY HOLLAND, respond't.

Dower is a right under our acts of assembly and not at common law.

Dower may be assigned in one tract for the whole.

In general, this is the mode of assignment in cases of intestacy and against the heir.

In general, dower is to be assigned in the separate parcels, as against devisees or purchasers from the husband.

An assignment against a devisee wholly in the tract devised sustained against a purchaser with notice, the devisee not objecting.

Appeal from the Orphans' Court, Sussex.

John Holland being seised in fee of a tract of land containing 206 acres, and also, as tenant in common with another, of another tract containing 125 acres, by his last will and testament in writing, dated July 13, 1837, and proved on the 29th of August, of the same year, devised the tract which he held in severalty, to his two sons Albert and David Holland, with liberty to Albert to sell the same and divide the proceeds with his brother; and he devised his interest in the other tract, being the undivided moiety aforesaid, to his four daughters. On the application of Nancy Holland, widow of the said John Holland, for an assignment of dower in the lands of which her husband died seized as aforesaid, the Orphans' Court, at the September term, 1837, made an order for the assignment of dower, and the commissioners made return to the March term, 1838, that they had assigned the widow's dower, viz: 79 acres, entirely in the tract devised as aforesaid, to the two sons Albert and David.

On the 14th March, 1838, Cornelius Coulter filed an affidavit, stating that he was a purchaser of the farm so devised to the two sons, and obtained a rule to show cause why the assignment of dower should not be set aside. Upon the hearing, the court discharged the

rule and confirmed the return and assignment of dower. Where-upon an appeal was prayed and granted.

The bill of exceptions set out the devise to the two sons of Holland, with liberty for Albert Holland to sell; and a sale by him at public vendue to Cornelius Coulter, on the 27th January, 1838, and conveyance by deed dated 8th February, 1838; that no objection to the return and assignment of dower was made by any of the devisees; that it appeared to the court, that Coulter purchased the tract of land in which the dower had been laid off, after the dower had been laid off by metes and bounds, and with full knowledge thereof, from having the plot or survey of said tract of land, with the assignment of dower thereon, as laid off and assigned by the freeholders in his possession prior to the day of sale; and that the vendor, prior to the day of sale exhibited the said plot, and on the day of sale sold the said tract of land subject to the widow's dower.

On these grounds, the court decided that Coulter could not object to the assignment of dower.

*Cullen*, for appellant:

1. It is not competent for the freeholders to assign dower in one tract, where there are several. In England, if the ancestor die seised of three manors, dower shall be assigned in each. 1 *Cruise*, 135. There is a difference in this respect between an assignment by the sheriff and by the heir. *Parke on Dower*, 120; *Law Library*, 262. Dower in England is always assigned by the sheriff, when it is an adverse proceeding.

2. The freeholders have assigned dower in an undivided moiety of a tract of land. Dower cannot be assigned in an undivided moiety. 1 *Cruise*, 192; 2 *ib*. 363. In a tenancy in common, dower must be assigned in common.

The dower is actually assigned in another tract; but the freeholders acted on the principle that she was entitled to a third of the undivided moiety, and gave her an equivalent in the other tract.

3. The assignment was in violation of the order which was to go upon all the lands and assign dower. They were bound to assign in each tract. The first opportunity the devisees or others had to object to this, was on the return of dower; when Coulter did object.

4. In all cases of dower there is an implied warranty, that if the widow be evicted she shall have other lands. Mrs. Holland could only claim recompense out of the lands in which she was endowed, and this makes Coulter the guarantor of all her dower.

5. If dower be laid out in the lands of one devisee exclusively, he is without remedy; for he could not compel contribution. As to the

devisees of several tracts, there is no privity, as it may be in respect to devisees of the same tract. Then how is it as to purchasers? Suppose an alienation by husband in his lifetime, to several persons; the uniform practice is to go for dower in each tract, and against each purchaser.

6. Had Coulter the right to object to the return? The Orphans' Court decided on the ground that he was a purchaser with notice. But he bought all the interest of the devisees; and they had the right to object to dower. There had been no assignment of dower confirmed. He had notice, no doubt, that the widow was lawfully entitled to dower in all her husband's lands; but it did not follow that he should be bound by an illegal assignment. If Albert Holland had the right to object to this assignment of dower, so has Coulter. He is a party interested; and interested to the extent of his vendor.

*Wootten*, contra:

1. The objection relied on in the Orphans' Court was, that freeholders assigned dower in one tract instead of a third of each. I cannot recognize the authorities cited as binding here, because our act of assembly governs the case. It gives a third of all a man's land to his widow as dower, and this cannot be affected by his will, unless the widow chooses to take under the will. If she take her dower under the law, the freeholders have nothing to do with the will; must assign as in case of intestacy. The widow is in no respect bound by the will, and it would be ruinous to her to bind her. And if dower must be assigned in each tract because there is a will, it must be equally so where there is no will. The principle would be destructive to the widow, and equally so to the heir. Give her a third in each house, or lot, or farm, and in many cases it would be useless to her, and make the two-thirds useless to the heir. The universal practice in case of intestacy, is to assign the whole dower in any one tract, if the freeholders see fit. I contend, therefore, that the freeholders had the right after viewing all the lands, to lay off all her dower in the one tract, as they did; and this being committed to their discretion, their return is binding on the heir or devisee. If the devisee had objected, the return would not have been set aside on this ground; and admitting that Coulter has all the rights of the devisees, he was not entitled to have the return set aside. But he had no right to object. He bought after the dower had been laid off, with the plot in his hand, with full knowledge of what had been laid off, and expressly subject to the dower. He bought then the residue; and to set aside the dower for the purpose of throwing any part of it on the other tract, would be giving Coulter more land than he bought.

2. As to the question about an assignment of dower in an undivided moiety of a tract, the point was not made below; and, in fact, the dower is not laid ont in the tract held in common.

*Cullen.*—It does not matter whether this point was made in the Orphans' Court or not; if it arises in the record it is available here.

The widow does not proceed for her dower under the intestate law, but under the dower act of 1816. A third part of *all* the lands. How can this be fulfilled by giving the half of one tract and no part of another.

The act directs that the costs shall be borne by all the parties. Yet Coulter here, pays two-thirds, the widow one-third, and the devisees of the other tract not only get rid of dower, but of all the costs. This shows the hardship.

*By the Court:*

HARRINGTON, *Justice.*—By the common law the wife is dowable of a third part of all the lands and tenements whereof her husband was seised during the coverture, to hold for the term of her life in severalty by metes and bounds. (*Litt. ch. 5, Sec.* 36; *Co. Litt.* 31, *a. &c.*) And though the wife was deemed to be in by the husband, (*note* 177 *to* 31 *a,*) yet she could not enter without assignment, (*Co. Litt.* 32 *b,*) which was ordinarily by the heir and without suit. In such case the assignment was not necessarily of the third part of each parcel, but might be of one tract as her share of the whole. (*Park on Dower,* 262-3; 1 *Roll's Abr.* 683, 4; 2 *Bac. Ab. tit. Dower,* D. 374, 376; 5 *Bos. & Pull.* 1, 33.) Nor was it necessarily by metes and bounds, or even in severalty; for where the husband made a lease for years, and died; and the heir said to the wife, I endow you of the third part of all the lands whereof your husband was seised; it was held, 1st, that this was a good endowment, though not by metes and bounds: and, 2d, that this assignment bound the lessee and they held in common. (*Co. Litt.* 32, *b. n.* 1.) But unless hindered by the peculiar circumstances of the property, or the nature of the tenancy therein, the assignment was by " metes and bounds," which was called " assignment according to common right." (*Park on Dower,* 251.)

Where the heir did not voluntarily assign the dower, after demand, the remedy of the wife was by writ of dower *unde nihil habet,* now almost superseded by assignment out of chancery, in which the judgment was that she recover the third part; and by the Stat. Merton, damages from the death of her husband. (*Co. Litt.* 32, *b.*) The setting out dower in pursuance of such judgment was more strict, the sheriff being bound by the ancient law, and perhaps ⌐:

present, to assign not merely by metes and bounds, but a third of each separate tract, and a third part of each existing denomination of property; as a third of the arable land, a third of the meadow and a third of the pasture. (1 *Roll's Abr.* 683.) This may not anciently have been so inconvenient and injurious a mode of assigning dower, when estates were generally so large as to admit of these subdivisions; but in more modern times the cases seem to have abated considerably from the strictness of the old rule. And a late writer on dower, remarking upon the case of *Stoughton* vs. *Leigh*, (1 *Taunt.* 402,) says that it may be gleaned as the impression of the court, that in assigning dower by the sheriff, the one-third of the widow is to be ascertained by reference to a general estimate of the annual value of the whole land. And he adds, that the purposes of substantial justice may probably be better consulted by the adoption of this principle than by a strict adherence to the old rule requiring the sheriff to assign a third part of each denomination of property. (*Park on Dower*, 260.)

But whatever may be the law of England at this day, in reference to the mode of assigning dower in an estate consisting of several tracts or parcels, it cannot be doubted that in this state, at least since the act of 1816 " respecting devises of lands, joint estates and dower," an assignment of the dower wholly in one tract, as the third of all, is lawful, and may be a valid assignment, if approved by the Orphans' Court. In many cases it would be very injurious to the interest both of the widow and the heir if this could not be done; and the act which gives jurisdiction of the subject to the Orphans' Court, refers it to the discretion of the commissioners appointed to lay off dower in what manner it shall be laid off. Whilst, therefore, the strictness of the old common law rule requiring that each tract shall be thirded is not enjoined by our act of assembly, where the circumstances of the estate require a different mode of assignment, or the interest and convenience of the parties concerned would be promoted thereby; that rule may yet be followed, where justice requires it. And this we apprehend to be the reason of the practice established in our courts of assigning dower out of the separate tracts as against the alienee of the husband; while they assign it, generally, out of the whole estate as against the heir in cases of intestacy. The right to dower is derived from the act of assembly; it is the right of the widow to have " the third part of all the lands and tenements whereof the husband was seised of an estate of inheritance at any time during the marriage," to be " assigned and laid off to her by the Orphans' Court of the county where the land lies, upon her petition to the said court, by the like proceedings and in the same manner as is by law

provided in the case of intestates estates." But we have seen that in such cases a discretion is given to the commissioners, subject to the approval of the Orphans' Court, to assign the dower altogether out of one tract; in separate parcels out of several tracts; or a third part in value, having regard to quality and quantity, out of each tract. And though this latter mode may in some cases be prejudicial to the widow's interests, it is damnum absque injuria, and is no violation of her right of dower as secured to her by the act of assembly. In cases, therefore, of intestacy, where the land descends to the heirs at law in coparcenary subject to the widow's right of dower, the assignment of dower may be, and in most cases ought to be, out of the whole estate, without special reference to the separate tracts or parcels of which the estate is composed; but where the husband in his lifetime has aliened any portion of the land, or the same has been sold for the payment of debts contracted by him, or where he has devised his lands by will, justice to the alienees, purchasers or devisees, in most cases requires that the dowress shall take her dower out of each several tract, and that the assignment should be made accordingly. Otherwise it might and often would so happen, that one alienee, purchaser or devisee, might have his whole land taken for dower, without redress; whilst another, who had purchased or taken subject to dower, would be entirely relieved of the incumbrance.

If these principles be correct, the assignment of dower in this case, being entirely out of the tract devised by John Holland to his two sons, Albert and David Holland, was prejudicial to their rights, and this might have afforded good ground of objection to its confirmation if they had chosen to except to it. But such assignment was not absolutely illegal; it was competent to the commissioners so to make it, and for the court so to approve of it. It was also competent to the two brothers, Albert and David Holland, to consent to this mode of assignment, and waive any objection to it in favor of their four sisters, the devisees of the other tract. Being thus actually assigned and laid off by metes and bounds, Albert Holland, in pursuance of the authority given him in his father's will, sold the farm out of which the dower had been so laid out at public sale subject thereto, giving full notice that such assignment had been made, and exhibiting to the bidders present, and particularly to the purchaser, Cornelius Coulter, a plot or survey of the premises, with the assignment of dower thereon as laid off by the commissioners.

Under these circumstances, we think the Orphans' Court did right in refusing to set aside this assignment at the instance of a purchaser who had bought after the assignment of dower and expressly subject

to it. To have set it aside on his application and thrown a portion of the dower on the other tract, would have been to give him more land than he had bought, and increase his interest in the purchase without any consideration. The deed to Coulter has not been brought up with the record, but we collect from the statement of facts that he purchased expressly subject to this very dower which had been assigned, and with full knowledge of what and how much had been assigned.

We are, therefore, of opinion, that the decree of the Orphans' Court ought to be affirmed.

Judgment of affirmance, with costs.

*Cullen,* for appellant.
*Wootten,* for respondent.